PATRICK LONG v. SAMUEL S. HARTWELL, ADMINISTRATOR OF NATHANIEL O. CARPENTER, DECEASED.

1. Authority to agent to make executory contract for the sale of land may be by parol. If in such case he makes contract under seal, it is not valid as a sealed instrument, but is good as a simple contract.
2. The general rule is, that acceptance of a deed for land is to be deemed full execution of an executory contract to convey. Covenants collateral to the deed are exceptions to this rule. Also, where the stipulation is to do a series of acts at successive periods, or distinct and separable acts to be performed simultaneously, the executory contract becomes extinct only as to such of its parts as are covered by the conveyance.
3. A substituted performance agreed upon by parol, actually and fully executed by vendor and accepted by vendee, may be set up in defence at law in a suit on a written contract within the statute of frauds.
4. If vendor or vendee wishes to enforce contract against the other, he immediately makes his part of the agreement precedent.

Error to Hudson Circuit Court.

STATEMENT OF CASE.

On the 15th of March, 1866, Nathaniel O. Carpenter and Patrick Long entered into the following articles of

agreement, *viz.*, "Articles of agreement made and entered into on the 15th of March, 1866, between, &c., in manner and form following: The said party of the first part, in consideration of the sum of $100 by him duly paid, hereby agrees to sell unto the said party of the second part, all that certain piece or parcel of land, with the two story dwelling-house thereon, situate on the north side of Clinton avenue, in the city of Hudson, and known on a map made by Clark & Bacot as lot No. 44, being property formerly owned by John Riley, which, with the lot adjoining the premises described, is property herein contracted for, for the sum of $850, which the party of the second part hereby agrees to pay to the said party of the first part as follows: $100 on the signing of the agreement, the receipt of which is herein acknowledged; $450 on or before the 2d day of April next, and to give a mortgage for the balance, payable in three years from date, with interest payable semi-annually, with the privilege to pay before the expiration of the time mentioned.

"And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, shall, at his own proper costs and expenses, execute, acknowledge, and deliver to the said party of the second part or to his assigns, a proper deed for the conveyance and assuring to him the fee simple of 'the said premises, free from all encumbrances, which deed shall contain a general warranty and the usual full covenants.

"And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.

"John H. Platt, [L. S.]
"*Agent of Nathaniel O. Carpenter.*

"Patrick Long. [L. S.]
"Sealed and delivered in the presence of
"John H. Platt."

Afterwards, in the term of May, 1860, Patrick Long brought suit in the Circuit Court of the county of Hudson against Samuel S. Hartwell, administrator of said Nathaniel O. Carpenter, then deceased, to recover damages for an alleged non-performance of the contract. The declaration set out the agreement as above, and then alleged and set forth that although he, said plaintiff, did pay to the said defendant the said sum of $100 on the signing of the said agreement, and $450 on or before the 2d day of April next after the signing of said agreement, and did give a mortgage for the balance of the said sum of $850, payable, &c., as in said writing of agreement mentioned, yet the said defendant, although, &c., did not deliver to the said plaintiff a proper deed conveying to him the fee simple of the premises, free from all encumbrances, but refused so to do, &c., contrary to said agreement, &c., by reason whereof he has been deprived of all the benefit and advantage which would have arisen from the completion of the said purchase, and has been put to large expense in endeavoring to complete said purchase, to wit, $500.

The defendant pleaded the general issue and gave notice—

1. That said Platt was not his agent, and had no authority to make and execute such article of agreement as the one declared on.

2. That after making said alleged agreement, to wit, on the 2d of April, 1866, the defendant, with his wife, made and delivered to Mary Long, the wife of the plaintiff, at the solicitation and request of the said plaintiff, a deed of conveyance of the said premises, in the said declaration mentioned, or to so much or such part thereof as the said defendant had previously promised to sell and convey, and the said plaintiff thereupon accepted and received said deed of conveyance in full satisfaction and discharge of the said supposed article of agreement, &c., and the said plaintiff, together with his wife, then and there made and delivered to the said defendant a mortgage upon the said premises so conveyed by the said defendant to the said Mary Long as

aforesaid, to secure the payment of the said sum of $350 mentioned in said declaration.

The cause was tried at the Hudson County Circuit. The plaintiff produced the agreement, and proved the execution of it by the subscribing witness. He offered in evidence, also, a deed of conveyance made by N. O. Carpenter and wife to Mary Long, wife of Patrick Long, dated April 4th, 1866. It was admitted by the counsel of the defendant below that $450 was paid by the plaintiff to N. O. Carpenter at the time of the delivery of the deed, and a mortgage given by Long and wife to the said Carpenter upon the premises described in the deed, to secure the payment of $300, and that the interest thereon had been duly and regularly paid since that time.

The defendant below moved to non-suit the plaintiff, on the ground that *assumpsit* would not lie on an instrument under seal; and also, that the delivery of the deed to the wife of the plaintiff, and the acceptance by the plaintiff of such deed of conveyance for and in behalf of his said wife, was a full compliance with the terms of said agreement or contract in writing, and that the plaintiff was estopped from denying it; that by the acceptance of the said deed, the agreement, if valid, was merged in said deed, and, in the absence of fraud, no action could be maintained on it; that to entitle the plaintiff to recover, he must show that before suit brought he had tendered a deed for the premises to the defendant's intestate, with a request that he should execute and deliver it to him in pursuance of said contract.

The court overruled the motion to non-suit, and charged the jury as follows: "The case deals entirely with questions of law, and my instructions to you are, that the plaintiff is entitled to recover $300, with interest thereon from the 24th of April, 1866, to the present time.

"It appears that the deceased, whose administrator the defendant is, agreed in his lifetime, through his agent, Mr. Platt, to convey two certain lots of land in the city of Hudson to Patrick Long, the plaintiff, and in pursuance of those

articles of agreement, Mr. Carpenter conveyed only one of those lots, and was paid the full consideration which he was to receive for the two lots. Therefore, he fulfilled his covenant only in part, and as to the balance, there was a failure on his part to fulfill, and, accordingly, Long got one lot, whereas, by the covenant, Long, by his agreement with Mr. Carpenter, is entitled to two lots. He is entitled to a verdict at your hands for the value of the one lot which Mr. Carpenter agreed to convey and which he failed to do.

"The plaintiff not having received the deed for that lot is entitled to the value of the lot in place of the lot, and the evidence in the case is, that it was worth $300 at that time; so that if Mr. Carpenter had fulfilled his entire agreement, Mr. Long would have got $300 more in value than he did get. Not having got the land worth $300, he is entitled to damages in law, and therefore my instruction to you is, that the plaintiff is entitled to recover $300, with interest from the 4th of April, 1866.

"In regard to the questions of law which have arisen, if the defendant's counsel desires, I will grant him a rule to show cause at once, for I have some doubt as to whether the acceptance of the deed did not make the articles of agreement null and void, and whether an action could be maintained under these articles after the acceptance of a deed, or he may take a bill of exceptions and assign errors on all points."

The counsel of the defendant thereupon excepted to said charge, and to the other rulings of the court above referred to, and a bill of exceptions embracing all the points was sealed accordingly.

The jury gave a verdict for the plaintiff for $342, for which sum judgment was entered.

Upon error brought by the defendant below, the judgment and proceedings were brought into this court, and thereupon the said plaintiff in error assigned for error the various points and rulings above excepted to.

Argued at November Term, 1869, before the CHIEF JUSTICE, and DEPUE, WOODHULL, and VAN SYCKEL, Justices.

For the plaintiff, *J. Dixon, Jr.*

For the defendant, *J. Harvey Lyon.*

VAN SYCKEL, J. John H. Platt, as agent for Nathaniel O. Carpenter, on the 15th of March, 1866, executed an agreement in writing, under seal, with Patrick Long, by which Carpenter agreed to convey to Long a lot of land, with a dwelling-house thereon, situated on the north side of Clinton avenue, in Hudson City, known as lot No. 44, and also the lot of land adjoining thereto, for the sum of $850; $100 of the consideration money were paid at the signing of the articles; $450 were to be paid on or before April 2d, 1866, when the deed was to be delivered; and the balance of the purchase money secured by a mortgage on the premises to be conveyed. On the 4th of April, 1866, Long having paid Carpenter $450, he executed to the wife of Long a deed for lot No. 44, and Long and wife executed to him a mortgage on the same lot for $300, the balance of the purchase price. This suit was instituted in the Hudson Circuit, to recover from the administrator of Carpenter damages for not conveying the lot adjoining lot No. 44, and resulted in a verdict for the plaintiff for the value of the part not conveyed.

1. The authority to the agent to execute the written agreement having been by parol, it is insisted that it does not bind the principal. Our statute of frauds does not require the agent's authority to make a contract to convey land to be in writing; it exacts a written contract, not a written power to the agent. The distinction is clearly drawn in the terms of the statute, between conveying and contracts to convey land. In the former case, under the tenth section, the power to the agent must be in writing; while in the latter, under the fourteenth section, the words

" in writing " are omitted, and the cases, both in England and this country, agree that the appointment may be by parol. 2 *Kent's Com.* 613; 10 *Paige* 386; *Story on Agency*, § 50; *Brown on Frauds*, § 370, *note* (2). The fact that the contract in this case was sealed by the agent does not vitiate it. There is no doubt about the general rule that a power to execute an instrument under seal must be conferred by an instrument of equal solemnity. If the writing given by the agent be under seal, and that be essential to its validity, the authority of the agent must be of equal dignity, or it cannot operate. Here a seal was not vital to the contract; there was no authority to the agent to attach a seal, therefore the seal is of no value, but the power to execute the contract without seal having been ample, so far it becomes the act of the principal, and inures as a simple contract. 2 *Kent's Com.* 613; *Lawrence v. Taylor*, 5 *Hill* 107.

2. Was the stipulation in the executory contract that the vendor would convey two lots merged in or extinguished by the acceptance of the deed conveying only one lot ?

The general rule will not be questioned, that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory. agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the deed, not by the agreement. Covenants collateral to the deed are exceptions to this rule, and cases may be stated where the deed would be considered only in part execution of the contract.

In cases where the clause in the agreement stipulating that the tract contains a certain number of acres is omitted in the deed, no action will lie on the agreement for deficiency in quantity. *Houghtaling* v. *Lewis*, 10 *Johns.* 297.

So, where in the deed there is an absence of covenants against encumbrances, the vendee cannot resort to the contract. Until consummated, an executory contract is subject to modification. In all cases, the deed when accepted is presumed to express the ultmate intent of the parties with

regard to so much of the contract as it purports to execute. The acceptance of a deed conveying the whole premises without the covenant as to quantity, or against encumbrances, raises the presumption that the grantee agreed to take title at his own risk as to quantity or encumbrances, or he would have rejected it. These contracts in this respect are a unity, and not distinct or separable in their provisions, and if executed at all, it is necessarily an entire execution. This reasoning will not apply to cases where two things are to be conveyed by distinct acts. The conveyance of one would purport to be only in part execution, and should not be held to destroy the vitality of the contract so far as relates to the part unexecuted.

In *Brown* v. *Moorhead*, 8 *S. & R.* 569, where the defendant agreed to convey a piece of land, and also to convey, or cause to be conveyed, the interest of A. B. in another piece, Chief Justice Tilghman held that a deed conveying only one parcel was but in part fulfillment, the contract contemplating two conveyances.

In *Wilbeck* v. *Waine*, 16 *N. Y.* 532, which broadly recognizes the general rule, the distinction is clearly stated that the rule is not applicable where the deed covers only part of the subjects embraced in the executory contract.

In *Bull* v. *Willard*, 9 *Barb.* 641, the rule is well stated in these terms, "that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to or be connected with the title, possession, quantity, or emblements of the land which is the subject of the contract."

In the case of *Crotzer* v. *Russell*, 9 *S. & Rawle* 78, where the agreement was to convey a certain tract of land, and the deed reserved a small portion, the deed prevailed over the contract, for the acceptance of a deed embracing the whole tract, with an exception of a portion, raised a clear presumption that the reservation was within the final understanding of the parties, and it could not be regarded as part execution.

The rule to be deduced from the authorities is, that the

executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one. But where the stipulation is to do a series of acts at successive periods, or distinct and separable acts to be performed simultaneously, the executory contract becomes extinct only as to such of its parts as are covered by the conveyance.

In the case now submitted, the engagement was to convey two lots of land, and whether the conveyance of one dispensed the vendor from all liability under the executory contract is a question of strict law, to be determined by the court.

The contract contemplates a single deed, and one mortgage upon both lots, to secure the purchase money, fixing one price for both lots, and not a distinct price for each.

The vendor did not agree in writing to pass title to the remaining lot by a separate deed, nor does the contract provide for the acceptance of a separate mortgage, or settle the amount in which it is to be taken. The act of the grantor, accepted by the grantee, must be regarded in full execution.

Regarding the conveyance as a full execution, is there any difference in law whether such conveyance passed the title to the wife, by vendee's directions, or to the vendee himself? A written contract within the statute of frauds cannot be modified or altered by parol, so as to furnish, in its altered state, the basis of an action at law.

Whether parol evidence is admissible to prove the discharge or abandonment of such contract is a question upon which there is great conflict of authority, and as the discussion of this case can be confined within narrower limits, no opinion will be expressed on this point. The solution of this branch of the case will be reached by determining whether a substituted performance, actually and fully executed by the vendor, and accepted by the vendee, may be set up in defence at law to this suit on the written contract. It will be observed that this is not an attempt to found an action, or even strictly to base a defence upon an oral agreement

engrafted on the written contract, but simply to prove in defence actual performance of the contract, by way of accord and satisfaction.

The statute does not declare all parol contracts relating to land to be void or illegal. There is a class of cases in which it is held that where, upon a parol contract for the sale of land, the vendee has paid the purchase money, he cannot recover it back if the vendor is ready and willing to convey. The vendee, having paid the money voluntarily, cannot compel the vendor to take advantage of the statute. *Abbott* v. *Draper*, 4 *Denio* 51; *Conghlin* v. *Knowles*, 7 *Metc.* 57.

It has been the accepted law in this state ever since the decision of *Perrine* v. *Cheeseman*, by Chief Justice Ewing, 6 *Halst.* 174, that an executory agreement in writing not under seal may, before breach, be discharged, abandoned, or rescinded by a subsequent unwritten agreement. The letter of the statute of frauds simply defeats an action upon the parol agreement relating to land; it does not expressly forbid a defence under the parol contract, nor deny its virtue as a rescinding act, and therefore the only ground upon which a written contract not under seal for the sale of lands can be taken out of the rule in *Perrine* v. *Cheeseman* is, that by the written agreement the vendee has acquired an interest in lands which he may enforce in equity, and it would be against the spirit of the enactment to permit that interest to be taken away by oral testimony. Whatever force this view may have, it is difficult to perceive how the policy of the statute would be violated by parol proof, establishing not an abandonment or surrender of the stipulation, but an execution of it by a substituted performance accepted and enjoyed by the vendee. To disregard the execution in this case would enable the vendee to enforce the letter of the writing, after placing the vendor in a position where it is impossible for him to fulfill it.

While the statute asserts its control over the contract itself, the performance of the contract is not within its purview.

A contract under the dominion of the statute of frauds can be no more secure against invasion by parol than a sealed instrument.

In an action on a bond, parol proof is competent to defeat the plaintiff by showing payment, or accord and satisfaction, and in all cases a specialty may be shown by parol to be discharged after breach by accord and satisfaction.

*Fleming* v. *Gilbert*, 3 *Johns.* 528, was an action on a bond conditioned that the defendant, by a given day, would procure for plaintiff a certain bond and mortgage, and discharge the same of record. The defendant did procure them, and offered them to the plaintiff, proffering to do whatever was necessary to discharge them, but the plaintiff agreed by parol to waive a performance in this respect if the defendant would do another thing, which he afterwards did; *held*, that evidence of the substituted performance constituted a defence. *Monroe* v. *Perkins*, 9 *Pick.* 298, and *Lattimore* v. *Harson*, 14 *Johns.* 330, are similar in principle. These cases go upon the ground that he who prevents a thing from being done by saying he will accept something else for it, shall not, after such acceptance, avail himself of the non-performance he has occasioned.

In *Cummings* v. *Arnold*, 3 *Metc.* 486, which was a contract required to be in writing, the defence was successfully rested upon parol proof of accord and satisfaction, by a substituted performance.

In *Cuff* v. *Penn*, 1 *M. & S.* 21, which has been followed in many cases, the plaintiff succeeded in enforcing the contract by suit at law, when he had not himself performed according to the terms of the writing, but in accordance with a substituted performance agreed upon by parol.

The cases of *Goss* v. *Lord Nugent*, 5 *B. & Ad.* 65; *Harvey* v. *Grabham*, 5 *Ad. & El.* 61; *Stead* v. *Dawber*, 10 *Ad. & El.* 57, and all the cases since these, in which the authority of *Cuff* v. *Penn* is denied, have been placed upon the ground that the plaintiff's suit was founded on a contract required to be in writing, but, in fact, partly in writing and partly in

parol; the suit thus resting on a case made out by incorporating in it oral stipulations, was held to be inhibited by the words of the statute.

But in none of these cases, so far as my investigation has reached, has it ever been doubted that a substituted performance, actually executed and accepted, would dispense the defendant from liability on the contract.

Whatever may be thought of the correctness of the rule in *Stead* v. *Dawber* and *Marshall* v. *Lynn*, it may be safely said that if the substituted performance in those cases had been actually executed and accepted, the result would have been different.

The conveyance, therefore, to the vendee's wife must be held to have the same effect as if made to the vendee himself. This result will do no more violence to the statute of frauds than the well-established rule which enables the vendor, after the execution on his part of a parol contract for the sale of lands, to recover the purchase money.

Another view of this case will lead to the same result. In the written agreement, the vendor bargains to convey to the vendee or his assigns, and although an assignee of the contract could not enforce it by suit unless he had an assignment in writing, the vendor having been directed by the vendee to pass the title to another, had a right to presume that the assignment had been duly executed, and the fact cannot now be questioned.

3. If merger had not taken place, the plaintiff was not entitled to recover. By the terms of the contract, the vendee was to execute a mortgage on both lots, to secure the balance of the purchase money, and no evidence was produced to show that he tendered himself ready to do so.

It is the settled rule in this state, that if either the vendor or vendee wishes to enforce the contract against the other, he immediately makes his part of the agreement precedent.

On the one hand, the purchaser's right of action for non-delivery of the deed does not accrue until he tenders performance on his part; and, on the other hand, the vendor's

action must be preceded by execution and offer of the conveyance. *Shinn* v. *Roberts, Spencer* 444, *and cases there cited.*

In this case, therefore, no suit would lie until vendee tendered himself ready to execute a mortgage on both parcels.

If the plaintiff, when he accepted the deed, supposed it conveyed both lots, it is a case of mistake, to be dealt with by a court of equity.

The judgment below must be reversed.

The CHIEF JUSTICE, and DEPUE and WOODHULL, Justices, concurred.