Corlies *v.* Howland.

## CORLIES *vs.* HOWLAND.

1. A vendor's lien for purchase money will prevail against even a purchaser for valuable consideration from his grantee, with notice of the lien.

2. It will also prevail against those who take title by act or operation of law, from such grantee, without notice; in such case, the assignee holds subject to the equities existing against his grantor.

3. A waiver or relinquishment of the vendor's lien may arise from the character of the security accepted by the vendor for the purchase money; but there must be proof in the nature of the security accepted, evincing an intention by the vendor to waive the lien.

4. The acceptance by the vendor of the purchaser's note for purchase money, is not a waiver of his right of lien upon the land, conveyed, at the purchaser's request, to a third party.

On demurrer to bill.

*Mr. J. E. Lanning,* for the demurrer.

*Mr. William H. Vredenburgh,* contra.

THE VICE-CHANCELLOR.

This bill is filed to enforce a vendor's lien for unpaid purchase money. The material averments of the bill are, that the defendant, Henry Howland, October 28th, 1870, purchased of the complainant the land described in the bill, for $235; that a conveyance of the same was made February 22d, 1871, at the request of Henry Howland, to his son, Henry W. Howland; that the father, on the delivery of the deed to him, gave his promissory note for the whole of the purchase money, which remains wholly unpaid; that no consideration passed from the son to the father, and that the son had notice, on the delivery of the deed, that the purchase money was unsecured and unpaid.

The argument urged in support of the demurrer is, that the vendor having made the conveyance to one person, and accepted the note of another for the purchase money, there was a waiver of his right of lien, and that the son now holds the land discharged of the lien.

The rule is well settled, a waiver or relinquishment may arise from the character of the security accepted by the vendor for the purchase money. An eminent commentator has stated it as follows: "Taking a note, bill, or bond, with distinct security, or taking distinct security exclusively, by itself, either in the shape of real or personal property, from the vendee, or taking the responsibility of a third person, is evidence that the seller did not repose upon the lien, but upon independent security, and it discharges the lien." 4 *Kent's Com.* 157. The same doctrine has been declared by this court. *Dudley* v. *Dickson,* 1 *McCarter* 252. The pith of the rule is, there must be proof in the nature of the security accepted, evincing an intention by the vendor to waive the lien. This right of lien is an obvious dictate of natural justice. Every fair mind will spontaneously assent to the proposition, that neither the purchaser nor those who hold under him, as heirs, devisees, or volunteers, in any character, should be permitted to hold the land discharged of the

vendor's right to look to it for the payment of the purchase money, until it is paid, or he has indicated, by some clear and unequivocal act, he meant to give up his right. His right will prevail against even a purchaser for valuable consideration, with notice of the lien, 2 *Sugden on Vendors* 879 ; and also, against those who take title by act or operation of law, without notice ; for in such case the assignees hold subject to the equities existing against their grantors. 2 *Story's Eq. Jur.*, § 1228 ; 2 *Sugden on Vendors* 880.

There is no act, or fact, appearing in the bill, which can be held to furnish the slightest evidence that the complainant meant to yield or waive his right to the lien. As between the complainant and the father, the father was the purchaser ; he made the contract of purchase, he gave all the consideration paid, accepted the deed, directed to whom it should be made, and if he had paid the purchase money, would, in equity, have been the owner of the land. The deed was not made to him, because he directed it to be made to another, for his own purposes. The right of lien for unpaid purchase money would be a barren security indeed, if it could be discharged by the act of the purchaser himself, in inducing the vendor to convey to a third person, who, as to all the parties, stands simply as a donee.

As the pleadings now stand, it is admitted neither father nor son has paid for the land, and their effort is to hold it discharged of the lien in defiance of that fact. They cannot succeed. The demurrer must be overruled, with costs.