CHARLES C. RANDOLPH, respondent,

*v.*

BRIDGET RAFFERTY et al., executrices of the estate of John Rafferty, deceased, appellants.

[Argued November term, 1920.    Decided March term, 1921.]

1. Where a will gave the testator's residuary estate and the income thereof to his widow until her death or remarriage, and then to his children, and thereafter gave his executrices a full power of sale of his realty, the prior devise to the widow constituted no barrier to the subsequent power of sale; but the widow was entitled to hold and enjoy the proceeds of such sale for her benefit for life as though the will had expressly provided that she should do so.

2. Under a power of sale given by a will the executrices are not required to give a warranty deed, but only such a deed as executors in their representative capacity are legally required and authorized to give.

3. Where a contract of sale by executrices, acting under a testamentary power of sale, required only a mortgage for a certain time at a specified rate of interest, payment of interest semi-annually could not be required.

---

On appeal from a decree advised by Vice-Chancellor Buchanan.

*Messrs. Lum, Tamblyn & Colyer,* for the appellants.

*Mr. William Newcorn,* for the respondent.

The opinion of the court was delivered by

MINTURN, J.

This bill was filed by the complainant for the specific performance of a contract by which the defendants, as executrices of John Rafferty, agreed to sell and convey certain real estate in Plainfield. The executrices as defendants filed an answer which alleges that the contract price was grossly inadequate, and that the residuary legatees had called upon the defendants to rescind, and that before complainant had taken any action thereunder, defendants had rescinded and so notified the complainant, at the same time offering to return $1,000 paid on the execution of the contract. The learned vice-chancellor decrees specific performance and the defendants have appealed from that decree.

The principal matter argued is that under the will of John Rafferty, the defendants' testator, they had no power to sell. The testator devised and bequeathed to his wife all his remaining estate, both real and personal, and the rents, interest and profits thereof during her natural life, and while she remained his widow; and provided that after her decease or remarriage, the estate was to go to his children in equal shares. The will thereafter gave to the executrices a full power of sale of all his real estate, at such time and upon such terms as they might think fit. The appellants argued that this power of sale did not comprehend the life estate of the widow, and that no legal title thereto could be made by the executrices, under the contract of sale.

The learned vice-chancellor relied in the main upon *Bacot v. Wetmore, 17 N. J. Eq. 250,* where the court held that the fact that the land was previously devised in the will constituted no legal barrier to the subsequent power of sale, but held that the disposition of the proceeds of the sale being exclusively for the benefit of the children, and not for the widow, the power was held to extend to the estate of the children alone. Here there is the life estate to the wife, with the remainder over to her children without any provision in case of the exercise of the power of sale for the disposition of the proceeds of sale either

to the wife or to the children. If, therefore, this contract were to be performed, it is manifest no provision whatever exists to ensure to her the benefit of her life estate. We think that under these circumstances, the wife is entitled to hold and enjoy the proceeds for her benefit for life as though the will had provided that in case of the exercise of the power of sale, the widow should have the issues and profits during her life in common with the personal estate bequeathed to her. Otherwise, the questions at issue were correctly disposed of by the learned vice-chancellor. The decree, however, is too extensive in requiring the executrices to give a warranty deed, and should be modified so as to require only such a deed as executors in their representative capacity are legally required and authorized to give.

It is not to be presumed that the testator intended to burden his executrices with obligations and liabilities incident to personal covenants peculiar to warranty deeds; and quite manifestly the legal rule imposes no such obligation upon them. *Howe* v. *Harrington, 18 N. J. Eq. 495; Lounsbery* v. *Locander, 25 N. J. Eq. 554.*

A similar comment and modification is rendered necessary regarding that portion of the decree requiring payment of semi-annual interest. The contract requires only a mortgage for three years, at five per cent., and that requirement should furnish the limitation of execution in the decree in that respect. *Willentz* v. *Mechanik, 90 N. J. Eq. 269.*

With these modifications the decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.