This is a bill for rescission of a contract for the sale of lands. The property was owned by one Susan Randall, in whom the title was admittedly good. Mrs. Randall died in 1918 and her will provided as follows:
"2nd. All the rest, residue and remainder of my estate, both real and personal and wheresoever situate, I give, devise and bequeath unto my husband, John Randall, to have and to hold unto him, his heirs and assigns forever.
"Lastly, I nominate and appoint my said husband, John Randall, as and to be the executor hereof, with full power and authority to sell and convey the whole or any part or parts of my real estate, at such times in such manner and upon such terms as to him shall seem expedient; and I direct that he shall not be required to give any bond or other security in any place wheresoever for the faithful performance of the duties hereby imposed."
At her death there survived the testatrix, her husband and three children, one born before and two after the making of the will. *Page 511 
The executor sold the property to the defendants. Complainant contends that the title is defective, because of section 21 of our statute of wills (Comp. Stat. 1911 p. 5865), which reads as follows:
"That if a testator having a child or children born at the time of making and publishing his last will and testament shall, at his death, leave a child or children born after the making and publishing of his said last will and testament, or any descendant or descendants of such after-born child or children, the child or children so after-born, or their descendant or descendants, respectively, if neither provided for by settlement nor disinherited by the said testator, shall succeed to the same portion of the father's estate, as such child or children or descendants as aforesaid would have been entitled to if the father had died intestate; towards raising which portion or portions, the devisees and legatees or their representatives shall contribute proportionately out of the part devised and bequeathed to them by the said will and testament."
Complainants insist that the power of the executor to sell has lapsed because of the birth of after-born children. Or, as he puts it, in his brief: "The sole question in the case appears to be whether the executor, notwithstanding the birth of after-born children, still retains his power to dispose of and convey that part of the decedent's estate which the after-born children would inherit."
This question has been settled so far as this court is concerned by Vice-Chancellor Pitney in the case of Van Wickle
v. Van Wickle, 59 N.J. Eq. 317. The learned vice-chancellor says (at p. 320):
"Then, as to the continued existence of the power of sale, the well settled rule in New Jersey seems to be that in such a case the will is only disturbed so far as is necessary to give the posthumous child its full share of the estate. The very section which gives him his right assumes that the testamentary disposition will not be disturbed in any of its provisions except to the extent necessary to provide for the after-born child."
There is another point to be considered which I think is of importance. The property is now owned by innocent purchasers. In the case of Hartman v. Hartle, 95 N.J. Eq. 123, it appeared that property of a testator was sold by the executors *Page 512 
to the wife of one of them under a power of sale contained in the will, but without the authority of the court.
Vice-Chancellor Foster said (at p. 125): "In view of the fact that the property is now owned by innocent purchasers, a resale cannot be ordered, but as an alternative Mrs. Dieker and the executors will be held to account for complainant's one-fifth share of the profits made on the resale of the property under the authority of Marshall v. Carson, 38 N.J. Eq. 250."
It therefore appears to me that the title to this land is absolutely good in the defendants, and if the after-born children have a remedy, it is against the executor for an accounting.
In Lippincott et al. v. Wikoff, 54 N.J. Eq. 107,
Vice-Chancellor Emery said, syllabus, section 6: "In an action for specific performance of a contract for the purchase of land from the executors, the defense of unmerchantableness of title in that under the statute, the will is void and no power of sale conferred in the executors cannot prevail where the statute is so clear as to leave no doubt of its construction in favor of the validity of the will and of the power."
For these reasons I will advise a decree dismissing the bill.