This is a bill for specific performance. The property was owned by Paulina Masionis. She died leaving a will which devised and bequeathed all her property to her husband, Adam, whom she appointed executor with full power of sale. She also left three children, all born after the will was made. At the hearing it was contended that the will was thus rendered void and the power of the executor to sell lapsed.
This is not so, as I pointed out in Pashkow v. Frankel etal., 101 N.J. Eq. 510. Counsel for defendant in his brief admits this and abandons this objection.
The second objection arises from the following circumstances: After Paulina died there appeared clouds on the title to the property. Adam brought a suit to quiet title, claiming under his wife's will. All the outstanding interests were brought in and a decree against them was entered.
Defendant says Adam has no authority to bring the suit because he was not the owner in fee. The same objection was raised inMcGrath v. Norcross, 70 N.J. Eq. 364. Vice-Chancellor Grey disposed of it in the following language: "This contention of the defendant is based on a misapprehension of the statute. It does not limit the benefits of the act to actual owners of the disputed premises. On the contrary, *Page 68 
the statute prescribes that the complainant may be either the owner or a person claiming to own the same in fee under a deed or other instrument."
The proceedings are also attacked because the after-born children were not made parties complainant or parties defendant.
This, in my opinion, was not necessary because Adam's interest and that of his children was identical. In clearing the title against other defendants he in no way affected their rights. He was a co-tenant with them and removed a cloud from their interest as well as his own. As between him and the children the title remained as it was before the suit was instituted. As executor of his wife's will he can convey a marketable title and the children's interests will attach to the proceeds.
I will advise a decree for specific performance. *Page 69