This is a suit for specific performance. There are two tracts of land involved, one in West Orange and one in Millburn. The contract for sale fixes the purchase price for both properties at $5,000. Therefore it is not a severable one. As to the West Orange property, the title into Susie Randall is good. On February 9th, 1918, she died. She devised her property to her husband, nominated him executor and gave him full power of sale. She left her surviving a husband and three children, one born before and two after the making of the will. The afterborn children, therefore, take as if there were no will, but the power of sale is not disturbed. Pashkow v. Frankel, 101 N.J. Eq. 510.
However, the consideration stated in the deed is one dollar and the exchange of property. An executor must sell for cash or credit. He has no power to exchange property. The children born after the will was made have a right to demand from the executor a proper accounting of the sale. If they do, there will, of necessity, be litigation. Therefore, the title is not one which should be forced on the vendee by an order of this court. A vendee is entitled to a clear and perfect title. He should not be compelled to take over a law suit. As to the one dollar consideration, counsel insists that an executor's deed must set forth the true consideration. They have not been able to find any authority for this. *Page 14 
The only case that I can find bearing at all on this point isDougherty v. Connolly, 61 N.J. Eq. 421. The first section of the syllabus reads as follows:
"Testator's will gave his wife a life estate in his realty, with power to sell and invest the proceeds, the income to be hers for life. The widow conveyed to C. part of the property of the estate for an expressed consideration of $1, but no consideration passed. C. then borrowed money of a trust company, giving a mortgage on the land, which was subsequently reconveyed to the widow. The trust company also carried on a title guarantee business, and a memorandum on an application for a guarantee of title made by the mortgagor showed that the consideration for the conveyance to C. was nominal. The parties interested went to the office of the trust company, and there executed the deed and mortgage in the presence of the trust company's attorney, who knew that no passage of consideration took place at that time, and he made no inquiries as to the nature of the transaction —Held, that the trust company was chargeable with knowledge that the transaction was not a bona fide or authorized exercise of the widow's power of sale, and hence the mortgage was invalid as against the remaindermen, and bound only the life estate."
Vice-Chancellor Emery said (at p. 428):
"That the effects of notice of circumstances which should put a purchaser on inquiry as to the fraudulent intent of a conveyance is equivalent to notice of the intent, is settled. Tantum v.Green (Court of Errors and Appeals, 1869), 6 C.E. Gr. 364,369 et seq.; DeWitt v. Van Sickle (Vice-Chancellor Van Fleet,1876), 2 Stew. Eq. 209, 215; Moore v. Williamson
(Chancellor McGill, 1888), 17 Stew. Eq. 496, 503. These were cases where the intent, with notice of which they were charged, was that of defrauding creditors, but the principle does not depend upon the particular character of the fraudulent intent, and the rule itself is only a special application of the general rule relating to the doctrine of notice stated by Chancellor Kent (4 Com. [*]179), and approved in Hoy v. Bramhall, (Courtof Errors and Appeals, 1868), 4 C.E. Gr. 563, 572, in reference to the effect of notice of circumstances charging a person with the duty of inquiry: `The general doctrine is that whatever puts a party upon inquiry amounts, in judgment of law, to notice, provided the inquiry becomes a duty, as in the case of purchasers *Page 15 
and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding.' See, also, 2 Pom. Eq. Jur. ¶ 608."
My conclusion is that an executor's deed, stating a consideration of one dollar, is not of itself sufficient to pass a marketable title. It puts any purchaser on notice that there may have been fraud or inadequacy of consideration, and it becomes his duty to discover the true consideration and whether it was sufficient.
The only question as to the Millburn tract is this. The title shows that the land was conveyed to Mary E. Gardner and Sarah Reeve, who were sisters. Mary Gardner died seized of a one-half interest in the property. It is contended that there may be an outstanding interest in Samuel T. Gardner, husband of Mary, on account of a possible right of curtesy. According to the stipulation, there is a general release from Samuel Gardner to Sarah Reeve (Mor.) on file in the office of the surrogate. I agree with counsel that this does not release a possible right of curtesy. However, there is an affidavit signed by Sarah Reeve, Mor., Mary Gardner's sister, which states that Mary never had any children. She had known Mary all her life.
This is not sufficient to relieve the title of this cloud. Either Samuel Gardner should have been made a party defendant, under the case of Day v. Devitt, 79 N.J. Eq. 342, or, if that were impractical, proofs might have been taken before the court which might have demonstrated that there was no right of curtesy outstanding. The mere production of an affidavit is insufficient.
For these reasons I will advise a decree dismissing the bill and directing the return of the deposit with reasonable allowances for counsel fee and disbursements. *Page 16