RIVER PARK HOMES CORPORATION, PLAINTIFF-RE-SPONDENT, v. D. STANTON HAMMOND AND MARY CATHERINE DAVISON HAMMOND, HIS WIFE, DE-FENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided August 11, 1938.

520

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Abram I. Bluestein.*

For the defendants-appellants, *Peter Hofstra* and *Joseph V. Fumagalli.*

The opinion of the court was delivered by

CASE, J. The state of demand alleged that a contract had been made between plaintiff and the defendants for the sale to the latter of a real estate property for the consideration of $10,250. It further alleged that the plaintiff had fully complied with the terms of the contract but that defendants had not in that they had failed, in the amount of $250, to pay the full purchase price. The suit was to recover that unpaid balance. At the close of the trial defendants moved for and were denied a direction of verdict and now rest their appeal upon that denial. Judgment went for the plaintiff in the amount of $250 plus costs.

There is an agreed state of case which contains what is stipulated to be a summary of the proofs submitted on behalf of each party. It appears therefrom, without dispute, that the contract did call for a purchase price of $10,250 and that defendants paid only $10,000, but that nevertheless plaintiff executed and delivered to the defendants a deed for the property which recited that the consideration was "one dollar and other good and valuable considerations * * * the receipt whereof is hereby acknowledged, and the said party of the first part being therewith fully satisfied, contented and paid * * *." Defendants' proofs are that certain work which plaintiff was obligated to do was not satisfactorily done, that disputes consequently arose between the parties, that final payment was for a time withheld and that thereafter plaintiff

offered to close the transaction for the price that was actually paid. Plaintiff's proofs are that there were no complaints about the work, that there were no disputes, that final payment was deferred to suit the convenience of the defendants, that there was no offer to close the transaction for less than the contract price and that the reason for delivery of deed without first obtaining the entire price was that an employe of plaintiff had erred in his understanding as to what was due.

The contradiction in the proofs was later resolved by the trial court against the defendants; and we consider that there was evidence to support that finding. It is clear, therefore, that at the time of the court's ruling there was a fact question unless the law was, in any event, against the plaintiff.

The legal question is whether the delivery and acceptance of deed with such recitals as this deed contained is a bar to the recovery by the vendor of a balance remaining unpaid on the price fixed by the written contract. It has long been the rule that when the deed acknowledges the payment of the consideration it cannot be denied by the grantor for the purpose of destroying the effect and operation of the deed, although it may be denied for the purpose of recovering the consideration money. *Bolles* v. *Beach,* 22 *N. J. L.* 680, 692; *Grout* v. *Townsend,* 2 *Hill* 554; *Dieckman* v. *Walser,* 114 *N. J. Eq.* 382. A finding that there had in fact been no agreement between the parties to reduce the price below that fixed in the contract and that the contract to the extent of $250 had not been paid had support in the proofs. Applying the legal rule stated *supra* to that state of facts, we conclude that the court's refusal to direct a verdict for the defendants was not error.

For the purposes of the decision we have accepted the terminology used by the parties in applying the phrase "direction of verdict" to the disposition of a cause tried by the judge sitting without a jury. The expression, however, is inept. A closer regard for words and their uses would have resulted in other language. For instance, the motion might have been that the trial judge rule, as a matter of law. that on all of the evidence the plaintiff was not entitled to recover.

Judgment below will be affirmed.