**UNITED STATES v. 13,255.53 ACRES OF LAND, MORE OR LESS, SITUATE IN BURLINGTON AND OCEAN COUNTIES, N. J., et al.**

**No. M 135a.**

District Court, D. New Jersey.

May 25, 1944.

William H. Read, Jr., of Trenton, N. J., for Seymour D. Kaplan, trustee in bankruptcy of Pinehurst Estates, Inc.

Louis B. Le Duc, of Camden, N. J., for D. J. Gallagher et ux. and Milne Lumber Co.

Sidney Kaplan, of Camden, N. J., and Isadore Sacks, of Atlantic City, N. J., for United States of America.

FORMAN, District Judge.

The trustee in bankruptcy of Pinehurst Estates, Inc., has applied to the Court for the payment of moneys on deposit for lands condemned by the United States, the record title to which is in the name of Pinehurst Estates, Inc. The payment of these funds to the trustee is opposed by D. J. Gallagher and his wife, and Milne Lumber Co.[1] upon the ground that they purchased the same lands from the bankrupt or from its predecessor in title.

Mr. and Mrs. D. J. Gallagher and Milne Lumber Co. offer as evidence of their purchase, printed forms entitled "Application For Acreage Plots", which are signed by a representative of a former owner of the property and accepted by them, reciting the terms of the proposed purchase which was to be consummated by an agreement of sale. Some or all of the purchase price of the lots is claimed to have been paid. It is upon the strength of this application form alone, without any proof by way of receipts for money paid or acknowledgment thereof by the bankrupt or any of its predecessors in title, that they claim an equitable title to the lands paramount to the claim of the trustee in bankruptcy. They concede that the trustee stands in the same position as a judgment creditor then holding an execution duly returned unsatisfied but contend that his lien is inferior to the equitable lien which they assert attached to the property at a time prior to that of the trustee by reason of the execution of the application form and the payment of money thereunder.

The recording statutes of the State of New Jersey provide as follows:

"Every deed or instrument of the nature or description set forth in section 46:16–1

---

[1] Actually, the record title for the lot claimed by Milne Co. is in Elizabeth Senior, as trustee under a deed of trust from Pinehurst Estates, Inc.

of this title shall, until duly recorded or lodged for record in the office of the county recording officer in which the affected real estate or other property is situate, be void and of no effect against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered; but any such deed or instrument shall be valid and operative, although not recorded, except as against such subsequent judgment creditors, purchasers and mortgagees." N.J.S.A. 46:22–1.

"All deeds or instruments of the nature or description hereinafter in this section enumerated, of or affecting the title to real estate in this state, may be acknowledged or proved and then recorded in the office of the county recording officer of the county wherein the real estate is situate:

"a. Conveyances, releases, declaration of trust; letters of attorney for any sale, conveyance, assurance, acquittance or release; leases for life or any term not less than two years, or any assignment thereof absolute, or by way of mortgage or security; agreements for the sale of real estate; written consents of any person to the execution by an executor, administrator with the will annexed or trustee of a power to sell, convey, acquit or release; writings which declare or direct any use or trust of real estate, or which, though made for some other purpose, are yet, by the terms of any recordable deed or will which refers to such writing, made to operate as such declaration or direction;

\* \* \* \* \*

"f. All other instruments that may have been or may be directed by any statute to be acknowledged or proved and recorded. \* \* \*" N.J.S.A. 46:16–1.

Mr. and Mrs. D. J. Gallagher and Milne Lumber Co. contend that they do not come within the purview of these statutes for the reason that they do not have any writing which could be the subject of recordation. They concede their position to be that of one who has paid money for land without obtaining any writing to charge the vendor of the land and argue that the verbal agreement and the payment of the money are sufficient to support equitable title.

The Statute of Frauds of the State of New Jersey is as follows:

"No action shall be brought upon any of the following agreements or promises, unless the agreement or promise, upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized: \* \* \*

"d. A contract for sale of real estate, or any interest in or concerning the same; or \* \* \*." N.J.S.A. 25:1–5.

Its operation would prevent the enforcement of an agreement such as Mr. and Mrs. D. J. Gallagher and Milne Lumber Co. rely upon. The recording statutes and the statute of frauds were designed to protect subsequent purchasers of real estate against interests of the type claimed here.

The Bankruptcy Act provides as follows: "c. The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitations, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists." 11 U.S.C.A. § 110.

Therefore, if there is no writing to support the purchase of these lands, Mr. and Mrs. D. J. Gallagher and Milne Lumber Co. cannot be deemed to be lienors paramount to judgment creditors with execution levied but unsatisfied.

The cases cited by the Gallaghers and Milne Company are not pertinent to the situation here in which the money that is the subject of controversy must be considered as if it were the land itself, for one of said cases, namely, Smithurst v. Edmunds, 14 N.J.Eq. 408, deals entirely

with personalty, and the other case, McLaughlin v. Whaland, 127 N.J.Eq. 393, 13 A.2d 573, concerns itself with the nature of an execution levied *against* a mere equitable interest in lands.

The application of the trustee for the payment of moneys on deposit will be granted and an order should be taken in conformity with this memorandum.