The question is whether the defendants are able to convey a marketable title to certain lands in East Orange. They trace their title through the will of Morris Guttman, who died in 1925. He gave and devised all his property to his wife for life, or until she shall remarry. Upon her decease or remarriage, the estate shall be divided equally among testator's children, except that those children who shall, at such time, be without lawful issue, shall receive only the income of their shares for life, and at their death their shares shall go to the other children. But if such child shall later have lawful issue, then he shall receive his share. "The equal undivided share of any of my children shall, in the event of the death of any of them, be divided in equal shares among his or her surviving lawful issue." The executors are given broad power to sell real estate.
By the will, Guttman's children, as a class, took a vested estate in remainder after the death or remarriage of their mother, but this remainder was subject to divestment by death before the termination of her estate. In the event the child so dying should leave issue, his share will go to the issue. The defendants argue that the clause substituting issue in the place of a child of testator, refers to the death of the child in the lifetime of his father. I am satisfied that this is not the correct interpretation of the will and that the issue take in the event of the death of the child before the termination of the particular estate. Schmieder v. Meyer, 97 N.J. Eq. 335.
Testator's children, in 1932, conveyed the premises in question to their mother, testator's widow, by deed of warranty. Mrs. Guttman, under the will of her husband and the deed, became vested with the entire title, subject, however, to divestment in part should one of her children predecease her, leaving issue. While an act which terminates a life estate, accelerates the remainders and so cuts off contingent interests that might take effect if the former estate continued until the death of the life tenant, yet, on the other hand, a conveyance by remaindermen to the life tenant does not have this effect. The life estate does not merge in the *Page 295 
remainder so that the contingent interests are cut off. Bennett
v. Fidelity Union Trust Co., 122 N.J. Eq. 455.
Mrs. Guttman, in 1947, conveyed the property to the defendant Louis Tenore for $34,000, of which $22,000 was secured by a purchase-money mortgage. Tenore's title, like his grantor's, was subject to the contingent remainders of testator's grandchildren. But the next year, Guttman's executors, namely, his widow and two of the children, under the power given by the will, deeded the land to Tenore. All the devises contained in the will were subject to the power and so it follows that Tenore's title was perfected as against the contingent remaindermen unless there were some defect in the conveyance by the executors.
The consideration stated in the executors' deed is "one dollar and other good and valuable considerations." This puts any purchaser to inquiry as to the actual consideration. Tzeses v.Green, 105 N.J. Eq. 12. No consideration was paid for the executors' deed inasmuch as full value for the land and all interests therein had been paid or secured to Mrs. Guttman the previous year. Though no consideration was paid for the executors' deed, it passed a title that was good at law, the relief being in equity and at the instance only of the grandchildren, since they alone were prejudiced. Lindley v.O'Reilly, 50 N.J. Law 636.
The will is ambiguous in one unimportant detail: Whether, upon a conversion of land into money, the proceeds should be held by the executors as trustees, or whether they should be paid to the life tenant, to hold for her own use and eventually pass on to the remaindermen. Randolph v. Rafferty, 92 N.J. Eq. 428.
Practically, the question is of little consequence, since Mrs. Guttman is both an executor and life tenant. The real question is whether she considers that she holds the purchase price, including the mortgage, as part of her general estate, or does she hold it as part of her husband's estate, recognizing that her grandchildren have a contingent interest therein under his will? If the latter is true, then equity would hold that the consideration which was paid supports the executor's deed and the grandchildren's interest in the land is cut off effectively, even though the fund to *Page 296 
which their interest has been transferred should hereafter be dissipated.
Tenore's title is not at present marketable, for it rests on facts outside of public record which a vendee might have difficulty in establishing. Potter v. Lumsden, 93 N.J. Eq. 476.
But a grantor may have specific performance if he is able to convey a marketable title at the time of the final decree. Tenore offers to perfect his title. Let him get a new executors' deed that will recite the circumstances and show that Mrs. Guttman, with the consent of her co-executors, is holding the fund for the purposes of the will. Counsel for complainant and defendants should collaborate in drafting the instrument, so that the resulting title may be satisfactory to all concerned.
The motion to strike will be denied, with leave to renew in two months if, in that time, Tenore's title shall not have been perfected.