36 N.J. Super. 281 (1955)
115 A.2d 607
EDGAR C. VanDYKE, ET AL., PLAINTIFFS-APPELLANTS,
v.
CAROL BUILDING COMPANY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 20, 1955.
Decided June 30, 1955.
*283 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Louis B. LeDuc argued the cause for the plaintiffs-appellants.
Mr. Walter N. Read argued the cause for the defendant-respondent First Federal Savings and Loan Association of Hammonton (Messrs. Archer, Greiner, Hunter & Read, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
This is a contest for priority between a grantor seeking the enforcement of a lien for unpaid purchase price and the holder for value of a mortgage executed by the grantee subsequently recorded. The basis of the plaintiff's claim is that because the deeds recited the consideration as "one dollar and other good and valuable consideration" and no revenue stamps were attached, the mortgagee, although admittedly without knowledge of the unpaid purchase price, was under a duty to make inquiry and is chargeable with such notice as inquiry would have revealed. The primary question is whether there is such a duty on a *284 prospective mortgagee, and a secondary issue is the propriety of the entry of summary judgment on the affidavits submitted on behalf of the defendant mortgagee.
The plaintiffs were the owners in fee of a six-acre tract of unimproved land in the Township of Moorestown, Burlington County. By written agreement with the defendant Carol Building Company, dated July 23, 1951, they agreed to sell and the latter agreed to buy the entire tract of land for the sum of $12,750 to be paid in installments of $750 per lot as a dwelling house on each was completed. The contract provided as follows:
"7. The parties hereto covenant each with the other that this agreement shall not be recorded in any office of public record and all such offices of public record are hereby ordered and directed to refuse for recording this agreement if so presented."
The plaintiffs conveyed the lands to Carol Building Company by two deeds dated August 23, 1951 and recorded on August 30, 1951. Each of these deeds recited the consideration as follows:
"That for and in consideration of the sum of ONE DOLLAR AND OTHER GOOD AND VALUABLE CONSIDERATIONS, * * * lawful money of the United States of America well and truly paid by the said party of the second part to the said party of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged."
Subsequently, the grantee secured from the defendant First Federal Savings and Loan Association of Hammonton, New Jersey, four construction mortgage loans, each in the amount of $8,000, each dated May 26, 1952 and recorded on July 7, 1952. The last advance on these mortgages made on May 8, 1953 brought the total advance on each to $6,100, or an aggregate of $24,400.
On August 17, 1953, more than two years after the date of the contract of sale and long after the recording of the defendant's mortgages and its advances of moneys thereon, the plaintiffs recorded their contract, notwithstanding their covenant not to do so.
*285 On June 19, 1954 the plaintiffs instituted this action to enforce a vendor's lien for the entire purchase price which they claimed to be unpaid and they asserted priority over the defendant's mortgages. The defendant filed an answer denying knowledge or that it was charged with notice of the plaintiffs' lien, and asserting that any such lien is subsequent and subordinate to the lien and operation of its mortgages. Six months later, the defendant First Federal Savings and Loan Association of Hammonton, the mortgagee, moved for summary judgment based upon the affidavits of its vice-president and of the title officer of the Lawyers Title Insurance Corporation, both of whom had handled the mortgage transactions. The plaintiffs filed no answering affidavits, and, accordingly, the averments in the mortgagee's affidavits are uncontroverted. These establish that the mortgagee and its representatives had no notice or knowledge of the vendor's lien claimed by the plaintiffs; and also the sums advanced on the mortgages. On the motion for summary judgment the plaintiffs stated:
"Concededly if defendant enjoys the status of bona fide purchaser, its priority over plaintiffs is assured. Whether it enjoys this status is the question presented and is solely a question of law, there being no present dispute as to the facts."
Because of these undisputed facts, the narrow issue is whether a prospective bona fide mortgagee for value is under a duty to make any inquiry beyond the record where the deed recites the consideration as "One dollar and other good and valuable consideration," and, if not, does the absence of revenue stamps impose such a duty.
The lien of a vendor for the unpaid purchase price of land conveyed is of ancient origin and equity may, in an appropriate case, enforce such lien against those who have notice, but it is unenforceable against purchasers for value in good faith without notice. Vandoren v. Todd, 3 N.J. Eq. 397 (Ch. 1836); Brinkerhoff v. Vansciven, 4 N.J. Eq. 251 (Ch. 1842); Acton v. Waddington, 46 N.J. Eq. 16 (Ch. 1889); Child v. C.H. Winans Co., 119 N.J. Eq. 556 (E. & *286 A. 1936). It is fundamental that the purpose of the recording acts is for the protection of purchasers and encumbrancers of real property against undisclosed liens. They may rely upon the public records and in the absence of actual knowledge or of facts sufficient to put them on inquiry, are chargeable only with such facts as may be ascertained by reference thereto. Breitman v. Jaehnal, 99 N.J. Eq. 243 (Ch. 1926), affirmed 100 N.J. Eq. 559 (E. & A. 1927); Solomon v. Canter, 113 N.J. Eq. 43 (E. & A. 1933); Hardon, Inc. v. Bergenfield Nat. Bank & Trust Co., 11 N.J. Super. 329 (App. Div. 1951).
To safeguard his lien the grantor might record the contract, N.J.S.A. 46:22-1 et seq. In the instant case, whether the delivery and recording of the deeds would be deemed a merger of the contract or the covenants to pay thereunder be considered separate and distinct acts, and not merged, we need not decide. Long v. Hartwell, 34 N.J.L. 116 (Sup. Ct. 1870); Dieckmann v. Walser, 112 N.J. Eq. 46 (Ch. 1932), affirmed 114 N.J. Eq. 382 (E. & A. 1933).
In a deed by one other than a fiduciary the true consideration is usually not stated, but is expressed in the phrase "One dollar and other good and valuable consideration." Turner v. Cole, 116 N.J. Eq. 368 (Ch. 1934), affirmed 118 N.J. Eq. 497 (E. & A. 1935); 13 N.J. Practice (Lieberman, Abstracts and Titles (2d ed.)), § 343 and § 345, p. 144. A bona fide purchaser or subsequent encumbrancer for value from a grantee in such a deed is not put upon inquiry to ascertain the true consideration for the conveyance and whether it has been paid. When, as here, the deed acknowledges the payment of the consideration, it cannot be denied by the grantor for the purpose of destroying the effect and operation of the deed, although it may be denied for the purpose of recovering the consideration money against the grantee, River Park Homes Corp. v. Hammond, 120 N.J.L. 519 (Sup. Ct. 1938), affirmed 122 N.J.L. 466 (E. & A. 1939), or for the enforcement of a lien against subsequent purchasers or encumbrancers with notice or those who take mala fide. Hoy v. Bramhall, 19 N.J. Eq. 563 *287 (E. & A. 1868); Corlies v. Howland, 26 N.J. Eq. 311 (Ch. 1875).
The absence of revenue stamps on the deed did not create the duty of inquiry, and their omission had no effect on the validity of the conveyances, but subjected the parties to the penalties imposed by the federal statute. 26 U.S.C.A., § 1821; 3 American Law of Property (1952 ed.), § 12.63, p. 311; 13 N.J. Practice (Lieberman, Abstracts and Titles), § 1514, p. 525.
The plaintiffs rely on the cases of Tzeses v. Green, 105 N.J. Eq. 12 (Ch. 1929) and Lampros v. Tenore, 142 N.J. Eq. 293 (Ch. 1948). These cases are clearly distinguishable from the instant controversy. They concern deeds from fiduciaries where the full consideration was not stated. The rule is that conveyances from fiduciaries which recite merely a nominal consideration impose upon a subsequent purchaser or encumbrancer the duty of inquiry as to the actual consideration. The reason is that the fiduciary's power to convey is circumscribed by the authority under which he acts and he may only sell for a consideration for the benefit of the estate being administered. Therefore, one acquiring an interest in property conveyed by a fiduciary is put upon notice to make inquiry. Dougherty v. Connelly, 61 N.J. Eq. 421 (Ch. 1901); 13 N.J. Practice (Lieberman, Abstracts and Titles), § 344, p. 145.
The second point urged by the plaintiffs is that the court erred in entering summary judgment because the plaintiffs in the course of a trial might develop facts to support their cause of action. This argument is without merit. Here, the averments of facts contained in the defendant's affidavits were not controverted as no answering affidavits were filed. The plaintiffs had the opportunity to apply for a continuance in order to obtain affidavits, R.R. 4:58-7, or to take depositions, R.R. 4:16, or serve interrogatories, R.R. 4:21-1, or to employ other discovery proceedings as provided for by the rules. Furthermore, six months had elapsed between the filing of the answer and the defendant's motion for summary judgment, during which the plaintiffs failed to avail themselves *288 of any discovery proceedings. Accordingly, in view of their failure to raise any genuine issue of material fact in opposition to defendant's motion, the motion was properly granted. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). The identical argument was advanced and rejected by this court in the recent case of Evans v. Rohrbach, 35 N.J. Super. 260 (App. Div. 1955).
Judgment affirmed.