**Matter of MAYFAIR CONSTRUCTION CO., Inc., Bankrupt.**

**No. B-125-58.**

United States District Court
D. New Jersey.

March 2, 1959.

John D. Morrisson, Wyckoff, N. J., for petitioners.

David A. Gelber, Hackensack, N. J., Irving J. Rosenberg, Newark, N. J., for mortgagees.

George L. Garrison, Paterson, N. J., for trustee.

MORRILL, District Judge.

This petition for review involves priority among liens.

The petitioners severally entered into contracts with the bankrupt-developer for the purchase of homes to be constructed by the bankrupt on land owned by it. None of these contracts was recorded, principally because of a provision in each contract that it should not be recorded.

Claiming equitable liens against all of the assets of the bankrupt estate, the petitioners particularly seek priority as against three mortgagees who recorded their mortgages without notice of the petitioners' contracts. The Referee denied the claimed priority and the matter came before me on review.

Whether or not a claimant has an equitable lien is a matter of state law and not a matter of federal equity law. 4 Collier, Bankruptcy, page 1312, note 3. The equitable lien doctrine exists wholly apart from bankruptcy. 3 Ib., page 884.

In New Jersey, where the land is situate, an equitable lien upon land in favor of a vendee is recognized and enforced. Reilly v. Griffith, 141 N.J.Eq. 154, 56 A.2d 502, affirmed 142 N.J.Eq. 724, 61 A.2d 235. It is the counterpart of a vendor's lien. Pomeroy, Equity Jurisprudence, 5th Edition, § 1263; Van Dyke v. Carol Building Co., 36 N.J. Super. 281, 115 A.2d 607 (App.Div.).

The contracts of petitioners were instruments which could be recorded and the failure to record them made them void against susbequent bona fide mortgagees for valuable consideration, not having notice of the contracts, whose mortgages were first recorded. N.J.S.A. 46:16–1, 46:22–1.

The effect of a failure to record is a question of local law. 4 Collier, Bankruptcy, page 1403. In Gorlin v. Cameo Theatres, Inc., 122 N.J.Eq. 175, 193 A. 189, it was held that the recording acts give the subsequent encumbrancer, recording his instrument first, the prior right. And in Hadfield v. Hadfield, 128 N.J.Eq. 510, 17 A.2d 169 (E. & A.), it was held that the recording of an instrument in its proper book is fundamental to the entire idea and scheme of construtive notice through the records. In the Van Dyke case, supra, it was held that a vendor's equitable lien was unenforceable against purchasers for value in good faith without notice. In Pomeroy, supra, § 722, it is stated that where a statute requires recordation, the lien of a subsequent docketed judgment prevails over that of a prior equitable lien not recorded.

In our Circuit, it was held that where an assignment which formed the basis of an equitable lien was not recorded, it was unenforceable against a transferee for value without notice. First Camden National Bank & Trust Co. v. Aetna Casualty & Surety Co., 3 Cir., 132 F.2d 114. A case more similar to the one at hand is United States v. 13,255.53 Acres of Land, D.C.N.J., 55 F.Supp. 334, where similarly situated contract purchasers who had paid deposits asserted that their equitable liens were prior to the claim of the trustee in bankruptcy holding the status of a judgment creditor. Judge Forman held that the failure to record such contracts barred the claimed priority. Similarly, Judge Hartshorne held in Re Sayre Village Manor, D.C.N.J., 120 F.Supp. 215, that an equitable lien was void as against a subsequent judgment creditor without notice.

A word about the petitioners' claim to an equitable lien against *all* the assets of the bankrupt. It is only the

particular property described in the contract which is subjected to a vendee's lien. The equitable lien is not an estate or property in the land itself; it is simply a right over the land which constitutes a charge or encumbrance against it. Pomeroy, supra, §§ 1233, 1235.

The petition for review will be dismissed. Submit appropriate order.