TUCKER, EXR., APPELLEE, *v.* MOREY ET AL., APPELLANT.

(No. 504—Decided November 13, 1956.)

*Mr. George L. Breithaupt,* for appellee.

*Mr. Howard H. Webster,* for appellant Arthur E. Morey.

*Mr. Charles W. Ayers,* for appellants Pansy Brown, Anna Hyatt and Alice Dowds.

*Mr. Carroll Sammetinger,* for appellants Marlin Morey et al.

McCLINTOCK, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Knox County.   The petition is for a declaratory judgment and reads as follows:

"D. Guy Tucker says that he is the duly appointed, qualified and acting executor of the estate of Lulu E. Morey, deceased, whose estate is currently being administered in the

Probate Court of Knox County, Ohio; that the will of said decedent was duly admitted to probate on the — day of December, 1955, by said court.

"Plaintiff further says that said decedent was in 1950 the owner of an undivided two-thirds interest in a parcel of real estate located in Liberty Township, Knox County, Ohio, containing approximately 88 acres and being the east part of lots two and three in the fourth quarter of said township; that said decedent in 1952 was the owner of Lot Number Seven (7) in Elmwood Addition in the city of Mount Vernon, Knox County, Ohio.

"Plaintiff further says that he has in his possession two unrecorded warranty deeds which he has been informed were found among the papers of the decedent in a safety deposit box maintained by her at the time of her death; that the first of said deeds, a copy of which is attached hereto and marked 'Exhibit A,' purports to convey the interest of said decedent in said 88 acre parcel of real estate to Marlin Morey, Dale Morey, Patty Morey, Neil Morey and Marlene Morey, all of whom are made parties defendant in this action; that the second of said deeds, a copy of which is attached hereto and marked 'Exhibit B,' purports to convey the interest of said decedent in said Lot Number Seven (7) of Elmwood Addition to Pansy Brown, Anna Hyatt and Alice Dowds all of whom are made parties defendant in this action.

"Plaintiff is in doubt as to the validity of said two deeds and is in doubt as to whether said deeds conveyed title or whether the real estate described therein should be inventoried as assets of the estate of said decedent.

"The defendants, Arthur Morey, Marlin Morey, Pansy Brown, Anna Hyatt, and Alice Dowds, are all the residuary legatees under the last will and testament of said decedent.

"Wherefore, plaintiff prays for a declaratory judgment determining the validity of said deeds and for instructions to him as said executor as to whether the real estate described in said deed should be inventoried as assets of the estate of said decedent, and for such further instructions as the court finds proper in the premises."

It appears in the record that Dale Morey, Patty Morey

(now Hyatt), Neil Morey and Marlene Morey are minors; that C. E. Sammetinger was appointed guardian ad litem for them; and that the guardian ad litem filed an answer, setting forth the fact that he was appointed guardian ad litem, denying the allegations in the petition in any way prejudicial to such minor defendants, and requesting the court to protect the rights of such minors and such relief as may be just.

The cause came on for hearing before the Common Pleas Court, and the court entered a declaratory judgment determining the validity of the deeds.

A motion for new trial was filed by defendant Arthur Morey, which was overruled by the court below; and, thereafter, he appealed to this court on questions of law, alleging that the court below erred in entering final judgment for the plaintiff and against the defendant, and in overruling his motion for new trial.

We will refer to the parties in this opinion as follows: The plaintiff will be referred to as the appellee and the defendants as appellants.

The appellants offered no testimony in the court below and made no objections to any testimony offered by appellee. The facts are as follows:

"Lulu E. Morey during her lifetime owned a parcel of 56 acres in Liberty Township, a two-thirds interest in a parcel of land of 88 acres and Lot No. 7 in Elmwood Addition on Third Avenue in the city of Mount Vernon, Ohio. Lulu E. Morey never married and left as her nearest relatives three sisters and two brothers.

"On numerous occasions she had stated that the 88-acre tract was to go to her brother, Marlin Morey, and on April 25, 1950, she executed a deed to Marlin Morey and his children and reserved the life use of the 88 acres.

"On December 19, 1952, Lulu E. Morey executed a warranty deed for Lot No. 7 in Elmwood Addition to the city of Mount Vernon, Ohio, to her three sisters, Pansy Brown, Anna Hyatt and Alice Dowds. In said deed Lulu E. Morey reserved the life use of the real estate. On the same date Lulu E. Morey executed a will in which no mention was made of her real estate except the 56 acre tract.

"On May 10, 1955, Lulu E. Morey executed her last will and testament which was admitted to probate. In this will there is no specific devise of any real estate and the only mention made of any real estate is a right to purchase the 56 acres.

"On May 10, 1955, Pansy Brown went to Lulu E. Morey's lock box at the First Federal Savings & Loan Association of Mount Vernon, Ohio, with Lulu E. Morey and at her request. Lulu E. Morey handed the two deeds to Pansy Brown and said, 'Here is these deeds if anything happens you know where they are.' She further said, 'One deed left for Marlin and children and then this other one the house in east end on Third Street is to you three girls.' Pansy Brown knew what the deeds were because Lulu E. Morey had told her about the deeds on prior occasions. Later when Lulu E. Morey was in her last illness she asked Pansy Brown to look after the Third Avenue property because 'after I am gone you girls get it you might just as well go ahead and look after it.'

"The deeds were returned to the lock box on May 10, 1955, after they were exhibited to Pansy Brown and were found there unrecorded after Lulu E. Morey's death."

The appellants set out in their brief ten assignments of error. However, the only question is whether these deeds were valid instruments which had conveyed to the respective grantees the premises therein described.

We quote from 17 Ohio Jurisprudence (2d), 158, Section 60:

"Generally.—The delivery of a deed may be effected actually, by doing something and saying nothing, or verbally, by saying something and doing nothing; or it may be both. No particular form or ceremony is essential; delivery may now be made by words and acts, or either, if accompanied with the intention that they shall have that effect. The grantor must part with the right of control and recall, and must intend to vest in the grantee the custody of the instrument as well as the estate, but manual delivery of the instrument is not necessary; nor is it necessary that delivery be by the grantor personally, or with intent that it take effect immediately. Where there has been a completed delivery of a deed, the deed is not rendered inoperative simply because the grantor retains possession of the prop-

erty during his life, or because he has access to the deed. However, where the grantor executed deeds to certain property in favor of her two daughters, and placed such deeds in her safe-deposit box, to which one daughter had access, informing such daughter that she had done so, and that she wished the daughters to have the deeded property after her death, such action on the part of the grantor did not constitute a delivery of the deeds. Furthermore, the delivery of the deed cannot be conditional upon the performance of certain things as conditions precedent. A deed delivered to the grantee for no other purpose than to enable the latter to make a conveyance to a third person is not considered as vesting title in the grantee.''

See *Kniebbe* v. *Wade,* 161 Ohio St., 294, 118 N. E. (2d), 833, the syllabus of which reads as follows:

''1. Where a husband and wife simultaneously execute mutual deeds to each other for real property which they own as tenants in common and place them unrecorded in a box in their home, to which both have access, with the understanding that upon the death of one the survivor will take all the property by the deeds of the one first dying and that the deeds of the survivor will not take effect, the transaction is ineffective to pass title to the wife after the husband's death.

''2. In such case, the mere fact that the wife has possession of the husband's unrecorded deeds after his death does not constitute delivery in order to pass title as against a legal heir, where there was no intention to make such deeds presently operative.

''3. Mutual deeds executed by a husband and wife to each other for property which they own as tenants in common, with the intent to pass title to the survivor only upon the death of one of them, are testamentary in character and cannot be used as a device to avoid the inclusion of the interest of the one first dying in his estate or to avoid administration of an estate or as a substitute for a will.''

On page 297 it is said that:

''It is the general rule that there is a presumption of delivery arising from the possession of a deed by the named grantee. In the instant case, the wife had possession of the deeds after the decedent's death and caused them to be recorded. But the mere manual transfer of a deed does not consti-

tute delivery unless it is coupled with an intent of a *present, immediate and unconditional conveyance of title.*"

See, also, 16 American Jurisprudence, 513, Section 133, where it is said:

"Grantor's Exercise of Acts of Ownership. The facts that the grantor continues to exercise acts of ownership and authority over the premises, such as the collection of rents and profits, and that he also sells a portion thereof and proposes to sell the remainder are inconsistent with the theory of an intentional delivery, operative and effectual to pass title."

In view of the facts of this case and the law hereinbefore cited, the judgment of the Court of Common Pleas is reversed.

*Judgment reversed.*

MONTGOMERY, P. J., and PUTNAM, J., concur.