SATTLER, APPELLEE, *v.*
SATTLER ET AL., APPELLANTS.

244

(No. 11-028—Decided March 17, 1986.)

*Purola & Savage* and *Stewart W. Savage,* for appellee.

*Hanrahan Legal Services Co., L.P.A.,* and *Gary Rosenthal,* for appellants.

DAHLING, P.J. This is an appeal from the Lake County Court of Common Pleas. Appellee filed a complaint to quiet title and for fraud and injunctive relief. Appellants answered that they were the owners of the real estate pursuant to a quitclaim deed, and that their land installment contract was "merged" into a quitclaim deed. However, appellants did not plead or argue that a valid land contract was controlling, or that twenty percent of the purchase price had been paid, until after the trial.

In a bench trial, the court found that there was not a valid delivery of the deed from appellee to appellants and for that reason cancelled the conveyance. The court found that there was a valid land installment contract and that appellants breached that land contract. The court ordered appellants to vacate the premises and rescinded the land contract.

Ivy Sattler, appellee, is the mother of Arthur J. Sattler, one of the appellants. Appellee owned real estate in Willoughby which was free from any mortgage. Appellants, Arthur and Janice Sattler, offered to care for appellee, live in the house and purchase it for $60,000 without interest payments. The parties agreed that, upon appellee's death, the property would become appellants' without further obligation on the purchase price, and if appellants died, the property would remain appellee's.

The parties entered into a land contract; the parties also executed a quitclaim deed, which was only to be used in the case of appellee's death.

Appellant, Arthur Sattler, testified that the land contract and quitclaim deed were executed in his presence and his wife's presence on July 23, 1982. On August 9, 1982, Arthur Sattler filed the quitclaim deed. However, appellant did not inform his mother that he had recorded the quitclaim deed.

Appellant testified that payments of $350 per month for one year were merely gratuitous. He acknowledged that he had received and reviewed the entire land contract before he signed it and that he was to record the contract within twenty days. Appellant never filed the land contract.

Appellant violated a number of terms contained in the contract: he did not submit proof of insurance; he placed an $8,517 mortgage on the house; he changed the locks without giving his mother a key; and he blockaded the doors to the house.

Appellee testified that her son said that he would file the land contract, and that the quitclaim deed was drawn up to be held in trust until her death. Appellee first learned of the deed's recording when her daughter called her on June 29, 1983 and told her that her son had recorded the deed and barred the doors. Appellee returned to the residence and found that this was so. Appellee discovered that appellant had recorded the quitclaim deed and had not recorded the land contract.

The parties stipulated that appellants had paid $4,600 to appellee and that the balance was $55,400. Appellants resided in appellee's residence from July 1982 until late December 1984. They vacated the residence pursuant to the trial court's order.

Assignment of Error

"The trial court erred to the prejudice of appellants in denying their motion for a new trial."

This assignment of error is without merit.

The standard which the trial court is to apply in considering a motion for new trial was set forth by the Ohio Supreme Court in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685. According to *Rohde,* the test which a trial judge should use is as follows:

"* * * [I]n ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence,' the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." *Id.* at paragraph three of the syllabus.

In the case *sub judice,* the opinion journalized on November 27, 1983 was a final appealable order. The judgment includes a notation pursuant to Civ. R. 54(B) "that there is no just reason for delay in hearing [the] appeal upon the entry of final judgment on this order."

The second issue of the assignment of error is:

"The delivery of a deed to a third person, to be delivered to grantee after grantor's death, followed by an immediate delivery to grantee conveys valid title to the grantee."

This contention is without merit. No testimonial evidence was excluded by the trial court. The trial court found that there was no intent to deliver the deed with the intention of having it take effect at once and that the delivery of the deed to appellants by appellee's attorney was a mistake and ineffective to transfer title. In *Kniebbe* v. *Wade* (1954), 161 Ohio St. 294, 297, 53 O.O. 175, 176-177, 118 N.E. 2d 833, 835, the Ohio Supreme Court described the necessity that there be an intent to make a present, immediate and unconditional conveyance:

"It is the general rule that there is a presumption of delivery arising from the possession of a deed by the named grantee. * * * But the mere manual transfer of a deed does not constitute delivery unless it is coupled with an intent of a present, immediate and unconditional conveyance of title." (Emphasis deleted.)

In *Tucker* v. *Morey* (1956), 102 Ohio App. 328, 2 O.O. 2d 359, 143 N.E. 2d 627, at paragraph one of the syllabus, the court held:

"The mere manual transfer of a deed does not constitute delivery unless it is coupled with an intent to make a present, immediate and unconditional conveyance of title."

Issue No. 3

"A party to a land installment contract is not guilty of breach of [the] land contract when the vendor fails to provide prior notice of the acts constituting the breach and an opportunity to cure the default."

Issue No. 4

"The exclusive remedy for breach of [a] land installment contract is foreclosure and judicial sale."

These issues shall be treated in a consolidated manner. These issues are without merit.

The evidence supported the trial court's finding that appellants breached the land contract. Appellants' last monthly payment was June 8, 1983. The land contract, Section 2.1, required monthly installments of $350. Further, the appellants encumbered the property in the amount of $8,517 in violation of Section 4.6 of the land contract. Appellants failed to provide written proof of insurance

in violation of Section 5.4. Appellants failed to file the land contract in violation of Section 8.1 of the land contract. Lastly, appellants interfered with appellee's life interest by failing to provide keys and locking her out of the house in violation of Sections 1.1, 4.4 and 4.5 of the land contract.

Where there has been a breach of a material provision of a contract by one party, the other party has an election whether to regard the contract as rescinded, or bring an action for the breach. *Wilson* v. *Wilson* (1876), 30 Ohio St. 365.

R.C. 5313.07 provides:

"If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

"Chapter 5313. of the Revised Code does not prevent the vendor or vendee of a land installment contract from commencing a quiet title action to establish the validity of his claim to the property conveyed under a land installment contract nor from bringing an action for unpaid installments.

"Chapter 5313. of the Revised Code does not prevent the vendor and vendee from cancelling their interest in a land installment contract under section 5301.331 of the Revised Code."

The appellants are not entitled to foreclosure or judicial sale. Appellants did not pay twenty percent of the purchase price.

The trial court properly terminated the contract and any interests appellants had in the real property.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, J., concurs.

COOK, J., concurs in judgment only.