CRABTREE, J.T.C.
This is a farmland assessment case in which plaintiff seeks direct review of the Franklin Borough assessor’s belated denial of farmland assessment qualification for tax year 1988.
The sole issue is whether the timely filed application for farmland assessment qualification was filed by the owner of the land as required by N.J.S.A. 54:4-23.6(c). It is not disputed that the land in question was actively devoted to agricultural use, within the purview of N.J.S.A. 54:4-23.2, throughout 1986, 1987 and 1988.
The land in controversy is 40.4 acres, located on Route 23 in the defendant municipality. It is part of a larger tract containing, in all, some 108 acres, which, prior to 1986, was owned by Samuel A. Fasolo and Rose A. Fasolo, his wife. Prior to 1988 the entire acreage, of which the disputed 40.4 acres were a part, was known and designated on the borough tax map as Block 70, Lots 6 and 7.
The Fasolos filed an application for farmland assessment qualification with the borough’s assessor on July 21, 1987 for tax year 1988. The application covered the entire 108 acres. The assessor had assessed the entire acreage as farmland for 1986 and 1987.
By deed dated June 5, 1986 the Fasolos purportedly conveyed the land in controversy, i.e., 40.4 acres out of the larger tract of 108 acres, to plaintiff. The acreage covered by the deed consisted of Lot 6 and a portion of Lot 7. Pursuant to a written agreement, also dated June 5, 1986, the deed was not to be recorded until subdivision approval was obtained from the borough.
At some undisclosed date subsequent to June 5, 1986 plaintiff, as contract purchaser, applied for subdivision approval[1], *356 which was granted by the Franklin Zoning Board of Adjustment on October 28, 1987. Thereafter, on December 15, 1987, the deed purporting to convey the subject land to plaintiff was recorded in the Sussex County Clerk’s Office.
An abstract of the deed of June 5, 1986 was forwarded to the assessor following its recording. Thereafter, but prior to December 31, 1987, the assessor recalculated the farmland assessment, granting it to Fasolo for the latter’s retained portion of the 108 acres and denying farmland assessment to the 40.4 acres sold to plaintiff.
The assessor’s basis for denial was that plaintiff was not the owner of the 40.4 acres when the application was filed.
Subsequent to the assessor’s denial of farmland qualification, plaintiff adopted a resolution appointing Sam and Rose Fasolo as special corporate officers for the purpose of filing farmland assessment applications. This resolution was adopted on October 19, 1988. Later, after litigation had commenced in this court, plaintiff adopted another resolution specifically authorizing the Fasolos to file a farmland assessment application for the 40-acre tract in dispute for tax year 1988. The latter resolution also referred to plaintiff’s desire “to clarify and reaffirm the arrangement under which Samuel Fasaolo [sic] and/or Rose Fasolo was [sic] to file the farmland assessment application for tax year 1988 on behalf of himself and/or Dautel Builders, Inc. with respect to Block 70, Lot 7.02.”
After the assessor received notice of the conveyance of the 40-acre tract to plaintiff he redesignated the acreage so conveyed as Block 70, Lot 7.02.
The statute relied upon by the assessor for denial of farmland qualification is N.J.S.A. 54:4-23.6, which provides, pertinently:
Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications — :
*357 (e) Application by the owner of such land for valuation hereunder is submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district in which such land is situated____
In determining ownership the court must consider the legal effect of the failure to record the deed of conveyance from the Fasolos to plaintiff until subdivision approval had been obtained.
Ownership of real property is transferred by deed. N.J. S.A. 46:3-13. The transfer is complete upon execution and delivery of the deed by the grantor and acceptance of the deed by the grantee. In re Lillis’ Estate, 123 N.J.Super. 280, 302 A.2d 539 (App.Div.1973).
Whether delivery and acceptance have taken place, however, is a matter of intention. 4 Tiffany, Real Property (3 ed. Callaghan 1975), § 1034 at 361; Campbell v. Heller, 36 N.J.Super. 361,115 A.2d 644 (Ch.Div.1955). The mere fact that the grantor may have manually delivered the deed to the grantee does not necessarily mean that title has been transferred. 6A Powell, Law of Real Property (1989 Rev.), ¶ 898(2); Sattler v. Sattler, 30 Ohio App.3d 243, 507 N.E.2d 430 (App.Ct. 1986). If there is physical delivery without the requisite intent that the deed be presently effective as a conveyance of the grantor’s title, there is, in legal contemplation, no delivery. Estate of Williams, 146 Ill.App.Sd 445, 99 Ill.Dec. 854, 496 N.E.2d 547 (App.Ct.1986). Anything that clearly manifests the grantor’s intention that the deed become immediately operative and that the grantee become the owner of the estate purportedly conveyed is enough to show delivery. Herron v. Underwood, 152 Ill.App.Sd 144, 105 Ill.Dec. 105, 503 N.E.2d 1111 (App.Ct.1987). That intention may be established by extrinsic and circumstantial evidence. Estate of Darlington, 364 Pa.Super. 75, 527 A.2d 159 (1987).
Conversely, extrinsic and circumstantial evidence are admissible to show that, notwithstanding manual delivery of the deed to the grantee, the grantor did not intend to pass title *358 presently .\ Matter of Estate of O’Brien, 46 Wash.App. 860, 733 P.2d 235 (App.Ct.1987).
All the circumstances of this case lead to one conclusion, namely, that the parties to the purported transfer of ownership of the subject property intended that title thereto should not pass until the subdivision created by the conveyance was approved by the appropriate municipal authority.
To begin with, the parties agreed, at the time the deed was executed, that it would not be recorded until subdivision approval was obtained from the borough. Second, the application for subdivision approval, submitted after the deed was executed by the Fasolos and physically delivered to plaintiff, was submitted in plaintiffs name as contract purchaser, not as the owner. Third, the parties were undoubtedly aware of the legal sanctions that could have been imposed had ownership been transferred without prior subdivision approval. N.J.S.A. 40:55D-55 permits a municipality to impose a $1,000 fine on the seller of property conveyed without subdivision approval. The same statute also authorizes the municipality to institute a civil action to set aside and invalidate any conveyance of land forming part of a subdivision made without final subdivision approval.
Finally, the deed of June 5, 1986 was not recorded until December 15, 1987, a few weeks after the Franklin Zoning Board of Adjustment approved the subdivision.
In view of the foregoing the court concludes that the Fasolos were the owners of the subject property within the purview of N.J.S.A. 54:4-23.6 at the time the application for farmland qualification was filed, and that the subject property is entitled to farmland assessment for tax year 1988.[2]
*359 The parties will submit computations of the farmland assessment pursuant to R. 8:9-3 within ten days, following which judgment will be entered.

 The subdivision was created when the 40.4 acres sold to plaintiff was subdivided from the greater Fasolo farm consisting of 108 acres. The acreage sold to plaintiff consisted of all of Lot 6 and a portion of Lot 7. See N.J.S.A. 40.-55D-7.

 Although plaintiff argued that the application for farmland qualification was filed by the Fasolos as agents of the owner, thus meeting the statutory requirement of filing by the owner, the court need not address the agency issue in view of the conclusion stated in the text.