293 N.J. Super. 409 (1996)
680 A.2d 1121
TOBAR CONSTRUCTION COMPANY, PLAINTIFF, DONALD ZUCKER, ASSIGNEE OF TOBAR CONSTRUCTION COMPANY, APPELLANT,
v.
R.C.P. ASSOCIATES, A NEW JERSEY PARTNERSHIP, SUBURBAN MALL ASSOCIATES, LTD., A NEW JERSEY PARTNERSHIP, AND DELL CONTRACTORS, INC. (IMPROPERLY PLEADED AS "DELL PAVING CORPORATION"), DEFENDANTS, BERNARD WEISSMAN, DEFENDANT-RESPONDENT, AND DONALD AND GOLDIE MORCHOWER, HUDSON CITY FEDERAL SAVINGS BANK AND ROBERTA WEISSMAN, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 6, 1996.
Decided August 16, 1996.
*411 Before Judges PRESSLER, KEEFE and A.A. RODRIGUEZ.
David Kessler, attorney for appellant (Thomas M. Egan, on the brief).
Respondents failed to file timely answering briefs.
The opinion of the Court was delivered by RODRIGUEZ, A.A., J.A.D.
In deciding this appeal, we hold that where no statutory notice of settlement has been filed, a judgment docketed after a deed disposing of the judgment debtor's interest in real property is delivered, but before the deed is recorded, becomes a lien on the property by virtue of N.J.S.A. 46:22-1.
The facts are undisputed. On August 15, 1991, a judgment was entered in favor of Tobar Construction Company (Tobar) and *412 against Bernard Weissman and others. At the time the judgment was entered, Weissman owned jointly with his wife real property in Florham Park (the property). The judgment was entered in the Civil Judgment and Order docket by the Deputy Clerk of the Superior Court on August 27, 1991 and became a lien on that date. N.J.S.A. 2A:16-1. Four days earlier, Weissman had conveyed to his wife his interest in the property. The deed of conveyance was not recorded until August 30, 1991.
Tobar assigned the judgment to the Estate of Charles Punia. The estate then assigned the judgment to appellant Donald Zucker. In 1993, Mrs. Weissman sold the property to Donald L. and Goldie R. Morchower. Hudson City Federal Savings Bank (Hudson City) is the holder of the Morchower's purchase money mortgage.
Zucker moved in the Law Division to permit the sheriff to levy on the property. Zucker argued that because Weissman was an owner of record at the time the judgment was recorded, his transfer to his wife was void and of no effect against Tobar, a judgment creditor without notice of the transfer. Zucker relied on N.J.S.A. 46:22-1.
The Weissmans, Morchowers and Hudson City opposed the motion arguing that the judgment did not become a lien on the property because it was recorded after Weissman's conveyance to his wife was completed by delivery of the deed. The Morchowers also argued that before resorting to the lien Zucker must look to other sources to satisfy the judgment; and that because Weissman was a tenant by the entirety Zucker is not entitled to a levy upon the entire property.
The judge denied the motion, concluding that the judgment was not a lien on the property. The judge reasoned that Tobar was not a "subsequent judgment creditor" within the meaning of N.J.S.A. 46:22-1 because the judgment was entered before the conveyance. The judge did not address the other issues raised in opposition to the motion. Zucker appeals contending that the *413 judgment is a lien on the property by virtue of N.J.S.A. 46:22-1. We agree.
It is settled that a deed transfers a property interest upon delivery. Dautel Builders v. Borough of Franklin, 11 N.J. Tax 353, 357 (1990). However, actual or constructive notice is required to affect the rights of third parties such as judgment creditors. New Jersey is a "race notice" state that protects judgment creditors who record their instruments first without notice of unrecorded instruments. Zwaska v. Irwin, 52 N.J. Super. 27, 36-37, 144 A.2d 554 (Ch.Div. 1958).
New Jersey recording laws are intended to encourage the recording of instruments. See Van Dyke v. Carol Building Co., 36 N.J. Super. 281, 286, 115 A.2d 607 (App.Div. 1955). N.J.S.A. 46:21-1 provides that recordation of deeds constitutes notice to the world of the conveyance. N.J.S.A. 46:22-1 affords protection to third parties whose interests may be affected by the conveyance. The statute provides,
Every deed ... shall, until duly recorded ... be void and of no effect against subsequent judgment creditors without notice ... whose deed shall have been first duly recorded ...; but any such deed or instrument shall be valid and operative, although not recorded, except as against such subsequent creditors, purchasers and mortgagees.
[N.J.S.A. 46:22-1].
Another statute also evinces a legislative intent to protect the interest of third parties whose interests may be affected by a transfer of title. The Notice of Settlement Act (NSA), N.J.S.A. 46:16A-1 to -5, provides for the filing of a notice of settlement to protect a purchaser in a real estate transfer from an intervening adverse interest, claim, or lien arising after the closing of title and before the recording of the deed. The NSA is premised on the Legislature's recognition that a judgment docketed during the hiatus between closing and recordation would otherwise attach to the grantor's interest in real estate. See Senate Judiciary Committee Statement, Senate, No. 3169-L. 1979, c. 406.[1] In Siligato v. *414 State, 268 N.J. Super. 21, 28, 632 A.2d 837 (App.Div. 1993), we observed that,
The law is well settled that an unrecorded deed is void only as against subsequent purchasers, encumbrancers, and judgment creditors. It is perfectly efficacious in passing title from grantor to grantee, subject to all subsequent recorded liens against the grantor[.]
Here the judge found that N.J.S.A. 46:22-1 was not applicable because the Tobar judgment was entered before the execution and delivery of the deed to Weissman's wife. Such a construction of the term "subsequent judgment creditor" is not warranted. A judgment affects or binds real estate only upon docketing. N.J.S.A. 2A:16-1; New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 422, 587 A.2d 1265 (1991). Therefore, if a judgment is docketed after a conveyance the holder is a "subsequent judgment creditor" within the meaning of N.J.S.A. 46:22-1 regardless of when the judgment was entered. Otherwise, a judgment entered while the judgment debtor owns the property would not become a lien if there is a intervening conveyance. Neither the language, nor the legislative goals of the recording statutes support such a construction. We are required to effectuate the legislative intent by examining the statutory language and the objectives sought to be achieved. Wendling v. N.J. Racing Com'n., 279 N.J. Super. 477, 482, 653 A.2d 582 (App.Div. 1995).
The order denying Zucker's motion for a levy is reversed and remanded to the Law Division for consideration of the remaining objections to the motion.
Reversed and remanded.
NOTES
[1] The Committee statement states,

Under the present system for recording real estate transactions, there is no practical way to protect totally the prospective buyer or mortgagee from acquiring deficient title because between the "closing of title" and the "recording of the deed or mortgage" intervening liens can and often do appear.
The purpose of this bill ..., is to solve this problem through the institution of a procedure known as the Notice of Settlement.... During the specified 20-day time period, it [Notice of Settlement] would insulate a proposed conveyance or lien against intervening conveyances or liens much in the manner of a "Lis Pendens" or "Notice of Suit." Senate Judiciary Committee Statement, Senate No. 3169-L. 1979, c. 406.